**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ALLEN M. WATTERSON,

Plaintiff,

vs. CASE NO. 3:06-cv-369-J-HTS

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

Defendant.

---

**O R D E R**

This cause is before the Court on Plaintiff's Attorneys' Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #19; Motion). The Motion is opposed. *See* Memorandum in Opposition to Counsel's Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #22; Opposition).

The Motion requests the Court to award $28,767.10 in fees to Plaintiff's counsel pursuant to 42 U.S.C. § 406(b). Motion at 1, 3, 4. A total of 26.4 hours of attorney time was expended representing Mr. Watterson before the Court.[1] *See* Order (Doc. #15; Order) at 1. The $4,276.34 in fees previously granted under the Equal Access to Justice Act (EAJA), *see* Order at 2, would then be refunded to Plaintiff. *See* Motion at 3; Memorandum in Support of

---

[1] Apparently, counsel also "spent over 37 hours in the five year period from 2002 through 2007" at the administrative level. Motion at 2.

Plaintiff's Attorneys' Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #20) at 1 n.1, 3; *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Fee awards may be made under both [§ 406(b) and EAJA], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (quoting Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186) (second alteration in original)); *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam).  A contingency fee agreement signed by Plaintiff in 2006 states that, "[i]f Attorney prevails before the Federal Court, and if Claimant is subsequently awarded benefits by the Social Security Administration ('SSA'), Claimant agrees to pay Attorney a fee for Federal Court work equal to 25% of the past-due benefits."  Employment Contract, attached as the first exhibit to the Motion.

Pursuant to 42 U.S.C. § 406(b), an attorney who successfully represents a claimant before the court in a Social Security benefits case may receive a reasonable fee that does not exceed 25% of the past-due benefits awarded.  Thus, contingency fee agreements are allowed.  Indeed, "any endeavor by the claimant's attorney to gain more than" an authorized "fee, or to charge the claimant a noncontingent fee, is a criminal offense." *Gisbrecht*, 535 U.S. at at 806-07.  The statute "calls for court review of [contingent] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807.  However, the

burden is on the attorney to "show that the fee sought is reasonable for the services rendered." *Id.*

Although here the Motion is opposed, even where a § 406(b) petition is unopposed, a court is not permitted to automatically grant the requested fee.  In *Gisbrecht*, the Supreme Court acknowledged "Congress . . . sought to protect claimants against 'inordinately large fees,'" *id.* at 805, and so "provided for a reasonable fee, not in excess of 25 percent of accrued benefits[.]" *Id.* at 804-05 (internal quotation marks omitted).  Therefore, any fee awarded must both 1) be reasonable and 2) not exceed 25 percent of accrued benefits.[2] *Cf. Edwards v. Astrue*, No. 3:97-cv-01147-J-32, 2008 WL 360788, at *2 (M.D. Fla. Feb. 8, 2008) (explicit evaluation of fee's reasonableness despite no objection); *Pearce v. Astrue*, --- F. Supp. 2d ----, 2008 WL 179022, at *1, *4 (M.D. Fla. 2008) (same); *Johnson v. Comm'r of Soc. Sec.*, No. 6:04-cv-1157-Orl-28DAB, 2007 WL 4614884, at *1, *3 (M.D. Fla. Dec. 31, 2007) (same); *Cintron v. Comm'r of Soc. Sec. Admin.*, No. 6:06-CV-1056-ORL-19UAM, 2007 WL 4482573, at *2 (M.D. Fla. Dec. 18, 2007) (same).

Generally, "[t]he 'best indicator of the "reasonableness" of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . .'" *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1383 (S.D.

---

[2]   Here, the amount sought is represented to equal "twenty-five percent of Plaintiff's total award of benefits[.]"  Motion at 1 n.1; *see also* Notice of Award, attached as the fifth exhibit to the Motion, at 1 ($28,767.10 withheld from benefits for potential payment of lawyer).

Ga. 2002) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)); *see Thomas v. Barnhart*, 412 F. Supp. 2d 1240, 1244 (M.D. Ala. 2005) ("'Since *Gisbrecht* . . . the district courts . . . have been deferential to the terms of contingency fee contracts in § 406(b) cases[.]'" (first alteration in original)(parenthetically quoting *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005)). Still, other factors that relate to reasonableness include whether there was excessive delay by the attorney, the size of the award in relationship to the time spent on the case, the quality of representation, and "the risk that the claimant would not prevail." *Coppett*, 242 F. Supp. 2d at 1383; *see Gisbrecht*, 535 U.S. at 808.

Defendant "contends that an award of $28,767.10 is unreasonable given the number of hours expended and in fact represents a windfall." Opposition at 5. In regard to the Motion's statement the case "was particularly complex[,]" Motion at 1, the Commissioner points out this assertion relates to "legal issues that were . . . raised at the administrative level," not before a federal court. Opposition at 6. "The issues actually raised to this Court[,]" Defendant argues, "were not so out of the ordinary as to warrant an award of attorney fees significantly greater than that which would normally be considered reasonable under these circumstances." *Id.*

On appeal, Plaintiff's counsel raised four issues. *See*, *e.g.*, Opinion and Order (Doc. #12; Opinion) at 2. Approximately twelve

pages of the twenty-page brief were devoted to argument. *See* Plaintiff's Brief (Doc. #10) at 8-19. The issues set forth, although perhaps not entirely novel or extraordinarily complex, were developed appropriately and the discussion thereof reflected a high degree of conscientiousness. Each argument was carefully tailored to the specific circumstances of the case. This was clearly not an instance in which a generic brief was hurriedly customized. Rather, the grounds urged for reversal were lucidly presented. And the advocacy was largely persuasive. Ultimately, three of the four assertions of error were accepted by the Court as proper bases for remand. *See* Opinion at 16.

Counsels' performance, then, was obviously not substandard, whereas the prospect of any recovery was uncertain. Further, it does not appear Plaintiff's attorneys were responsible for any delays in this case that would result in an inequitable profit. Having reviewed the record and considered the relevant factors, the Court finds the requested fee, while large, is reasonable and should not be characterized as a windfall.[3]

---

[3] "Courts have differed on how much weight, if any, the projected hourly rate should be given in the reasonableness analysis under § 406(b)[,]" *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 n.5 (E.D. Wis. 2007); yet, it is noted the equivalent hourly rate sought here is within the range that has been found reasonable. *See, e.g., Vilkas v. Comm'r of Soc. Sec.*, No. 2:03CV687FTM-29DNF, 2007 WL 1498115, at *2 (M.D. Fla. May 14, 2007) (report and recommendation of magistrate judge) (finding reasonable a § 406(b) fee that amounted to payment of $1,121.86 per hour for attorney's representation of plaintiff before the court); *Thomas*, 412 F. Supp. at 1242-44 (citing *Claypool v. Barnhart*, 294 F. Supp. 2d 829 (S.D.W.Va. 2003), wherein $1,433.12 per hour was permitted).

In light of the above discussion, the Motion (Doc. #19) is **GRANTED** and counsel for Plaintiff may receive $28,767.10 in attorneys' fees.  The $4,276.34 awarded under EAJA, *see* Order (Doc. #15), is to be refunded to Plaintiff.  The Clerk of the Court shall enter judgment accordingly.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of March, 2008.

/s/    Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of Record and
    pro se parties, if any